[Cite as *State v. Yazici*, 2011-Ohio-583.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

     Plaintiff-Appellee

-vs-

ARMAGAN YAZICI

     Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 2010CA00138

O P I N I O N

CHARACTER OF PROCEEDING:     Appeal from the Stark County Common Pleas Court, Case No. 2010CR0044

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 7, 2011

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

JOHN D. FERRERO
PROSECUTING ATTORNEY,
STARK COUNTY, OHIO

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

DOUGLAS C. BOND
MORELLO & BOND, LTD.
700 Courtyard Centre
116 Cleveland Avenue N.W.
Canton, Ohio 44702

*Hoffman, P.J.*

{¶1} Defendant-appellant Armagan Yazici appeals her April 22, 2010 conviction, pursuant to a negotiated plea agreement, entered by the Stark County Court of Common Pleas on two counts of felonious assault.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   On February 26, 2010, the Stark County Grand Jury indicted Appellant on two counts of felonious assault, a violation of R.C. 2903.11(A)(1) and/or (A)(2). Appellant entered a plea of not guilty to the counts.

{¶3}   On April 22, 2010, Appellant entered a plea of guilty to both counts of felonious assault, executing a Criminal Rule 11 (C) plea form, which included the following provision:

{¶4}   "6. I understand that if I am not a citizen of the United States, I am hereby advised the conviction of the offenses to which I am pleading guilty to may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶5}   "***

{¶6}   "I understand the consequences of a conviction upon me if I am not a U.S. Citizen" (emphasis added).

{¶7}   The trial court acknowledged the agreed upon plea and the agreed upon sentence, and the following exchange occurred on the record:

---

[1] A rendition of the facts relating to the underlying charge is unnecessary for our disposition of this appeal.

{¶8} "The Court: Now, it's also been indicated to me that, that your client is not an American citizen; is that correct?

{¶9} "Mr. Glantz: That is correct, Judge.

{¶10} "The Court: Have you discussed the situation with her concerning her potential deportation from the United States at the conclusion of any prison term?

{¶11} "Mr. Glantz: Judge, I have. Early on in the case I spoke to a, a - -an immigration attorney by the name of Matt Bernstein out of the Chicago area that my client had contacted. I spoke with him at length regarding the issues.

{¶12} "I spoke to my client and her family regarding those issues. They understand that that is a possibility at the end of the case and that is something that would be brought by the immigration department, that they can then at that time hire an attorney to oppose that or, or have hearings relative to that. But she understands that that is a possibility.

{¶13} "She and her family have spoken to, I believe, a couple different immigration lawyers in addition to the one that I spoke to, and they're fully aware of those circumstances" (emphasis added).

{¶14} Tr. at 4-5.

{¶15} The trial court later engaged Appellant in the following colloquy,

{¶16} "The Court: And I, I need you to understand, and it's in the written plea form, but I want to again also orally tell you, that if you are not a citizen of the United States that I need to advise you that the conviction of this offense to a felony, there being two felony charges here of felonious assault, that these may have the consequences of deportation or exclusion from admission to the United States or denial

of naturalization meaning that you could be denied ever becoming a citizen of the United States pursuant to federal law, and in fact, our experience has been, especially since 2001, that individuals that are convicted of felonies, in particular felonies that may be considered felonies of violence like this charge or the two charges we have here, that they will in fact be deported.  You understand that?

{¶17} "The Defendant: Yes, sir.

{¶18} "The Court: And you've also discussed this with - - you or your family has discussed this - -

{¶19} "The Defendant: Yes.

{¶20} "The Court: - - with counsel that specialized in this area; is that correct?

{¶21} "The Defendant: Yes.

{¶22} "The Court: And you feel comfortable with going forward at this point?

{¶23} "The Defendant: Yes, sir.

{¶24} "The Court: Thank you."

{¶25} Tr. at 12-13 (emphasis added).

{¶26} The trial court then accepted Appellant's plea, and sentenced Appellant accordingly.

{¶27} Appellant now appeals, asserting as error:

{¶28} "I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶30} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of

reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

**{¶31}** To prevail on this claim, appellant must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

**{¶32}** To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* at 688. In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Id.,* at 688-689. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id .,* at 689.

**{¶33}** Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland,* 466 U.S., at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

**{¶34}** The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

**{¶35}** In the sole assignment of error, Appellant maintains trial counsel was ineffective in failing to inform her of the effect of her negotiated plea because she was not a United States citizen. Appellant relies upon the United States Supreme Court holding in *Padilla v. Kentucky*, (2001)____ U.S. ____, 130 S. Ct. 1473, for the proposition trial counsel is per se ineffective if he fails to advise a non citizen of the United States pleading guilty to felonious assault will result in a presumption of mandatory deportation. While Appellant herein was misinformed as to the mandatory deportation that would result from her plea, this case is distinguishable from *Padilla* where the defendant was told he had "nothing to worry about", and was not advised there was a possibility of deportation as a result of his plea.

**{¶36}** This Court recently addressed the issue raised herein in *State v. Gallegos-Martinez*, December 28, 2010, Delaware App. No. 10-CAA-06-0043, holding:

**{¶37}** "The United States Supreme Court recently determined 'it is critical for counsel to inform her noncitizen client that he faces a risk of deportation' and that failure to do so can satisfy the first prong of the *Strickland* analysis. *Padilla v. Kentucky* (2010), --- U.S. ---- 130 S.Ct. 1473, 176 L.Ed.2d 284. Notwithstanding, the defendant must still demonstrate prejudice as a result thereof before being entitled to relief. The court in *Padilla* remanded the case for a determination of prejudice.

**{¶38}** "*Padilla,* however, is not analogous to this case. Most notably, the Kentucky court did not advise Padilla of the possible immigration consequences of his plea and conviction. *Id.* at fn. 15 [footnote omitted]. In addition, Padilla's counsel allegedly misadvised him that he ' 'did not have to worry about immigration status since he had been in the country for so long' and never advised him otherwise.' *Id.* at 1477.

**{¶39}** " ***

**{¶40}** "***Most notably, the Kentucky court did not advise Padilla of the possible immigration consequences of his plea and conviction. *Id.* at fn. 15. The Court concluded, 'Whether Padilla is entitled to relief will depend on whether he can demonstrate prejudice as a result thereof, a question we do not reach because it was not passed on below.' Further, this is not a case of counsel allegedly misadvised appellant that he would not be deported if he pleads guilty, as was the case in *Padilla.*

**{¶41}** "***Failure to advise the defendant of the possible deportation risks did not result in an automatic reversal in *Padilla;* rather the United States Supreme Court remanded the case for a hearing to determine whether Padilla was prejudiced by the failure of his attorney to advise him of the possible deportation consequences of his guilty plea.

**{¶42}** "While we agree with the appellant that, based on *Padilla,* if defense counsel fails to advise a Defendant of possible deportation risks, this would fail the first prong of the *Strickland* test; however, we find in the case at bar that appellant has failed to establish prejudice as required under the second-prong of the *Strickland* test, i.e. that he would not have pleaded guilty had his attorney rather than the trial court given the advice."

**{¶43}** Similarly, in this case, Appellant was advised by counsel there was a possibility of deportation as a result of her plea to the felony charges. While she was not advised deportation would be mandatory upon her conviction, she was aware deportation was a possibility as a consequence of the negotiated plea and a subsequent conviction. As was the case in *Gallegos-Martinez*, we find Appellant has not demonstrated prejudice in the record before us as a result of the alleged error of counsel; therefore, has not met the second prong of the *Strickland* test.

**{¶44}** Appellant's assigned error is overruled.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                  :
                                               :
    Plaintiff-Appellee                        :
                                               :
-vs-                                           :          JUDGMENT ENTRY
                                               :
ARMAGAN YAZICI                                 :
                                               :
    Defendant-Appellant                       :          Case No. 2010CA00138


For the reason stated in our accompanying Opinion,   Appellant's conviction in

the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS