[Cite as *State v. Altunar*, 2014-Ohio-2787.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-875 |
| | | (C.P.C. No. 09 CR 2809) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Baltazar J. Altunar, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 26, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Baltazar J. Altunar*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Baltazar J. Altunar, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to withdraw guilty plea. For the following reasons, we affirm that judgment.

**I. Factual and Procedural Background**

{¶ 2} On May 11, 2009, a Franklin County Grand Jury indicted appellant with six counts of aggravated vehicular assault, in violation of R.C. 2903.08, and two counts of operating a vehicle while under the influence of alcohol or drugs, in violation of R.C. 4511.19. Appellant initially entered a not guilty plea. Subsequently, however, appellant withdrew that plea and entered a guilty plea to three counts of aggravated vehicular

assault. The trial court accepted appellant's guilty plea, found him guilty, and sentenced him accordingly. Appellant did not appeal his conviction or sentence.

{¶ 3} Two years later, appellant filed in the trial court, pursuant to R.C. 2943.031, a motion to withdraw his guilty plea. Appellant is a Mexican national who, at the time of the offense, was living in the United States. He argued that the trial court did not advise him of the consequences a guilty plea could have on his status in this country as required by R.C. 2943.031. The trial court denied appellant's motion, construing it as a motion to withdraw pursuant to Crim.R. 32.1 and concluding that he failed to demonstrate a manifest injustice to warrant withdrawal under that rule.

## II. The Appeal

{¶ 4} Appellant appeals and assigns the following errors[1]:

> I. The trial court erred as a matter of law in applying the "manifest injustice" requirement of Ohio criminal rule 32.1 to a motion to withdraw guilty plea filed pursuant to Ohio Revised Code 2943.031.
>
> II. The trial court erred as a matter of law in refusing to comply with the mandatory language set forth in Ohio Revised Code 2943.031, where appellant made the showing that he is not a U.S. citizen and he was never advised of the fact that deportation was a consequence of the guilty plea by the court or counsel.

{¶ 5} Because appellant's assignments of error both concern the trial court's denial of his motion to withdraw, we will address them together.

### A. Appellant Filed a Motion to Withdraw Pursuant to R.C. 2943.031

{¶ 6} Appellant first contends that the trial court improperly analyzed his motion to withdraw as one filed under Crim.R. 32.1. We agree.

{¶ 7} Although they seek the same result, motions to withdraw under Crim.R. 32.1 and R.C. 2943.031 are separate and distinct. A motion to withdraw a guilty plea filed

---

[1] Appellant apparently obtained counsel in order to file a reply brief in this appeal. To the extent that counsel raises additional issues in that reply brief that had not been previously raised by either appellant or the state, we decline to address them. *Hanlin-Rainaldi Constr. Corp. v. Jeepers, Inc.*, 10th Dist. No. 03AP-851, 2004-Ohio-6250, ¶ 22; *Capital One Bank (USA), NA v. Gordon*, 8th Dist. No. 98953, 2013-Ohio-2095, ¶ 9.

under Crim.R. 32.1 requires a demonstration of manifest injustice in order to warrant withdrawal of the plea. A motion to withdraw under R.C. 2943.031 does not require such a demonstration. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 26-27; *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 9.

{¶ 8} The state concedes, and we agree, that the trial court erred when it analyzed appellant's motion under Crim.R. 32.1. Appellant's motion was captioned a "Motion to Withdraw Guilty Plea Pursuant to Section 2943.031 of the Ohio Revised Code." The motion argued that his counsel and the trial court did not warn him of the deportation consequences of his plea and that if he had been so advised he would not have entered his guilty plea. Accordingly, the trial court should not have analyzed the motion as one filed pursuant to Crim.R. 32.1. We conclude, however, that the trial court's error is harmless, because even under the proper analysis, appellant cannot demonstrate that the trial court failed to comply with R.C. 2943.031(A). *State v. Williamson*, 2d Dist. No. 21965, 2008-Ohio-4727, ¶ 12-16 (concluding that the trial court's application of incorrect standard to review motion to withdraw was harmless error because, in part, the motion would not have been successful under correct standard); *State v. Carswell*, 9th Dist. No. 23119, 2006-Ohio-5210, ¶ 20-22 (no error in applying wrong standard to motion to withdraw where error did not prejudice defendant because the motion would not have been successful).

### B. The trial court properly advised appellant pursuant to R.C. 2943.031

{¶ 9} R.C. 2943.031(A) requires a trial court to give the following advisement to defendants entering either a guilty plea or a plea of no contest unless the defendant indicates that he is a citizen in accordance with R.C. 2943.031(B):

> If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

{¶ 10} At his plea hearing, appellant told the trial court (through an interpreter) that he was not a citizen of the United States.  (Tr. 6.)  The trial court then advised appellant that:

> by entering pleas of guilty today, that that could – since you are not a United States citizen, that you may suffer the consequence of deportation, exclusion from readmission to the United States or denial of naturalization or citizenship pursuant to our laws.  So this can have a serious effect upon your status in this county.

(Tr. 7.)

{¶ 11} Appellant indicated that he understood the advisement.  Additionally, the entry of guilty plea form that appellant signed before entering his plea also advised him that his conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 12} If a trial court provides some warning of immigration-related consequences at the time of a plea but not a verbatim recital of the warnings set forth in R.C. 2943.031, a trial court considering a motion to withdraw filed under the statute must determine whether the trial court's warning substantially complied with R.C. 2943.031(A).  *Francis* at ¶ 48.  In this context, substantial compliance means that a defendant is informed and, under the totality of the circumstances, subjectively understands that by entering a guilty plea he may be subject to the three immigration-related consequences set forth in the statute.  *State v. Batista*, 10th Dist. No. 03AP-1009, 2004-Ohio-5066, ¶ 7; *Muhumed* at ¶ 38.

{¶ 13} Here, although quite similar, the trial court did not quote the statutory advisement verbatim.  The trial court did, however, personally inform appellant of the three immigration-related consequences of his plea.  Additionally, appellant indicated that he understood the warnings.  Based on the totality of these circumstances, the trial court substantially complied with R.C. 2943.031(A).  Accordingly, the trial court did not err in denying appellant's motion to withdraw guilty plea and we overrule his two assignments of error.

## III. Conclusion

{¶ 14} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and O'GRADY, JJ., concur.