[Cite as *State v. Sow*, 2018-Ohio-4186.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-772<br>(C.P.C. No. 16CR-3087) |
| Alassane Sow, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 16, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *April F. Campbell*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Alassane Sow, appeals from the October 12, 2017 decision of the Franklin County Court of Common Pleas denying his motion to withdraw guilty plea. For the following reasons, we affirm.

I. **Factual Background**

{¶ 2} On June 8, 2016, a Franklin County Grand Jury indicted Sow on two counts of vehicular assault, in violation of R.C. 2903.08, and one count of failure to stop after an accident, in violation of R.C. 4549.02. Sow initially entered a not guilty plea. On July 31, 2017, he withdrew his not guilty plea and entered guilty pleas to the stipulated lesser-included offense of attempted vehicular assault for Counts 1 and 2, and a guilty plea to

Count 3 as charged in the indictment.  The trial court accepted his guilty plea, found him guilty, and delayed sentencing for the preparation of a presentence investigation report.

{¶ 3}   On September 12, 2017, two days before his sentencing hearing, Sow filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  In his motion, he argued that the state would not be prejudiced, that he had legitimate grounds to challenge the charges and that he did not understand the immigration consequences until after the plea hearing.  The motion was supported by Sow's affidavit.  The trial court continued the sentencing hearing to allow the state to oppose the motion.  The state filed its memorandum in opposition on October 6, 2017.

{¶ 4}   On October 12, 2017 the trial court held a hearing on the motion to withdraw and the only witness was Sow.  He testified that he is from Senegal but has lived in the United States since March 20, 2014.  Sow then read a prepared statement to the trial court.  In it, he made a new claim that was not included in his motion to withdraw.  He alleged that his attorney "really didn't explain to me and understand the choice I was making [or] what effect it would have."  (Oct. 12, 2017 Tr. at 7.)  He also expounded on the reasons stated in his motion.  Sow indicated that he tried to get a job but was told he had to wait for at least seven years.  He also would not be able to help with his father's trucking company because a conviction would preclude him from obtaining a commercial driver's license.  Sow's attorney asked the trial court whether he should continue as counsel due to Sow's statement that counsel had not properly explained something to him about the consequences of his plea.  The trial court inquired of counsel's experience and told him to proceed.

{¶ 5}   Sow further testified that after he pled guilty he spoke with his uncle, who works in the U.S. Embassy in Senegal.  His uncle told him that he was at risk of not being allowed to re-enter the United States if he ever went back to Senegal.  Sow also explained why he did not believe he was guilty of the crimes that he was charged with.   He testified that on the day of the incident he bought shoes a size too small.  After wearing them around, his feet began to hurt.  He got into his car, turned it on, put it into reverse, and then tried to take his shoes off.  When the car began to move, he tried to push the brake but ended up pushing his shoes onto the gas pedal.  The car backed up quickly and jumped over the curb.  Sow stated that the test results showed that he did not have any alcohol in his system.

{¶ 6}   After defense counsel concluded his questioning, the trial court went through the factors it considered in ruling on the motion to withdraw.  It found that Sow was represented by highly competent counsel and that Sow had been given a full Crim.R. 11 hearing before he entered his plea of guilty.  The trial court specifically noted that it went through the possible immigration consequences and that Sow indicated that he understood them.  The trial court did not believe Sow's testimony that he heard about the immigration consequences for the first time from his uncle.  The trial court also found that the motion to withdraw was given a full hearing and that the motion was untimely as it was filed two days before the sentencing hearing.  Finally, the trial court did not agree that Sow presented a valid defense to the charges.  The trial court denied the motion.

{¶ 7}   Sow was sentenced to a period of community control for three years.  As part of his community control, Sow was ordered to serve 90 days at the Franklin County Correction Center and to undergo drug and alcohol treatment.  The trial court also imposed a 12-month driver's license suspension without privileges.

## II.  The Appeal

{¶ 8}   Sow appealed, asserting the following assignment of error:

The trial court erred in denying Sow's motion to withdraw his plea.

{¶ 9}   Sow argues the trial court erred in denying his motion to withdraw his guilty plea because (1) he presented a reasonable and legitimate basis for seeking to withdraw his plea; (2) he sufficiently demonstrated that he may not have been guilty of the crime alleged; (3) the state would not be prejudiced; (4) he was not allowed to demonstrate that his attorney did not advise him of the immigration consequences as the trial court insisted that counsel continue to represent him; (5) his motion was not untimely; (6) the trial court did not strictly comply with the advisement set forth in R.C. 2943.031(A) and failed to determine whether he subjectively understood the implication of his plea.  Sow's motion to withdraw his guilty plea was made pursuant to Crim.R. 32.1.  However, the main contention in the motion is that Sow did not understand the immigration consequences of his guilty plea.  This implicates R.C. 2943.031, which allows a noncitizen to file to motion to withdraw a plea of guilty or no contest if certain conditions exist.  Because a motion to withdraw under

Crim.R. 32.1 and R.C. 2943.031 are separate and distinct, *State v. Altunar*, 10th Dist. No. 13AP-875, 2014-Ohio-2787, ¶ 7, we will address them separately.

### III.  R.C. 2943.031 Advisory

{¶ 10} Prior to accepting a plea of guilty or no contest to a felony, the trial court is required to personally address the defendant and provide the following advisement:

> If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

R.C. 2943.031(A).

{¶ 11} If a court fails to provide the above advisement, a defendant may move to withdraw his plea.  R.C. 2943.031(D).  The trial court is required to "set aside the judgment" if the defendant establishes (1) the court failed to provide the advisement as described in R.C. 2943.031 (A); (2) the advisement was required to be given; (3) the defendant is a noncitizen; and (4) the conviction "may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." *Id.*

{¶ 12} The Supreme Court of Ohio has found that a trial court accepting a guilty plea from a noncitizen "must give verbatim the warning set forth in R.C. 2943.031(A)." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, paragraph one of the syllabus.  The trial court's failure, however, to use the verbatim language of the statute does not automatically entitle a defendant to withdraw his plea. *Id.* at ¶ 44-48.  As long as "some warning of immigration-related consequences was given at the time a noncitizen defendant's plea was accepted," a court considering a motion to withdraw the plea under R.C. 2943.031(D) has "discretion in determining whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A)." *Id.* at paragraph two of the syllabus.  " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * The test is whether the plea would have otherwise been made.' " *Id.* at ¶ 48, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 13}  An appellate court applies an abuse-of-discretion standard of review to the trial court's decision on a motion to withdraw pursuant to R.C. 2943.031.  *Frances* at ¶ 32. The exercise of discretion applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established and whether the motion is timely.  *Id.* at ¶ 34.

{¶ 14} In addition to the advisory required by R.C. 2943.031, the United States Supreme Court has held that a defendant's counsel has a duty to advise the defendant that pending criminal charges may result in adverse immigration consequences.  *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010).  Although immigration law can be complex, "when the deportation consequence is truly clear, * * * the duty to give correct advice is equally clear." *Id.*  An attorney breaches his duty to his client by either providing affirmative misadvice or by not providing any advice about immigration consequences when it is required.  *Id.* at 370; *State v. Galdamez*, 10th Dist. No. 14AP-527, 2015-Ohio-3681, ¶ 19; *State v. Ayesta*, 8th Dist. No. 101383, 2015-Ohio-1695, ¶ 15.  And, the attorney's breach of duty is not cured by the trial court's compliance with R.C. 2943.031.  *State v. Yahya*, 10th Dist. No. 10AP-1190, 2011-Ohio-6090, ¶ 17.   Nonetheless, a court should still "presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty.  *Padilla* at 372, citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

{¶ 15} Sow claimed that he did not understand the immigration consequences until his uncle explained them to him and that this conversation occurred at some point after the plea hearing.  He also alleged that his attorney did not explain the consequences so that he understood the choice that he was making.

{¶ 16} Prior to accepting Sow's pleas, the trial court addressed Sow's immigration status:

> THE COURT: The form indicates you are a not a United States citizen; is that correct?
>
> MR. BECK: That's correct.
>
> THE COURT: Are you a citizen of the United States?
>
> MR. BECK: You're not a citizen, right?
>
> THE DEFENDANT: No.
>
> MR. BECK: Right.

THE DEFENDANT: But I don't got $7,500.

MR. BECK: No, that's the maximum fine. He has to tell you the absolute maximums. Now, understand he has to tell you the worst things that can happen to you.

THE DEFENDANT: Um-hmm.

MR. BECK: All right. He's not saying those things are going to happen, but by law he has to tell you the worst things that could possibly happen to you. Okay? Now, he needs to ask about you being a citizen.

THE DEFENDANT: No, I'm a permanent resident.

THE COURT: Okay. I have to advise you and then this again gets into the worst things that can happen is that you may by pleading guilty to these offenses may face the consequence of deportation, exclusion from admission or denial of naturalization pursuant to the laws of the United States. Those are possible consequences.

Do you understand that?

THE DEFENDANT: Yeah.

(July 31, 2017 Tr. at 9-10.)

{¶ 17} Although the trial court did not give a verbatim recitation of the advisement required by R.C. 2943.031(A), the trial court substantially complied with the statute as it informed Sow of the possible consequence of deportation, exclusion from admission and denial of naturalization. Sow indicated that he understood the advisement. Additionally, the entry of guilty plea form that Sow signed advised him that his convictions "may have the consequences of deportation, exclusion from admission to the United States, of denial of naturalization pursuant to the laws of the United States." (July 31, 2017 Entry of Guilty Plea at 2.) Sow acknowledged that his attorney explained the entry of plea form and went over all of it with him. Additionally, at the beginning of the plea hearing, the trial court confirmed Sow's ability to read, write, and understand the English language. An interpreter had been provided for Sow, but her services were not required.

{¶ 18} At the hearing on the motion to withdraw his guilty plea, Sow did not explain why the trial court's advisory was insufficient to allow him to understand the immigration

consequences. He demonstrated that he was willing to question the trial court about an advisory when he thought he was going to receive a financial penalty of $7,500. Although he stated that his attorney "really didn't explain to me * * * the choice I was making [or] what effect it would have," Sow did not explain what he meant by that statement. He also did not offer any evidence to substantiate his claim that he would not have pled guilty but for counsel's alleged deficient performance.

{¶ 19} It is clear that the trial court did not find Sow's testimony credible. The trial court found that Sow was informed of the immigration consequences at the plea hearing and that he clearly indicated that he understood the consequences. The trial court further noted that Sow was represented by highly competent counsel, implying that he also did not give any weight to Sow's bare assertion that his attorney did not "really explain" the immigration consequences to him. The United State Supreme Court recently stated that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, ___U.S. ___, 137 S.Ct. 1958, 1967 (2017). The record shows that before Sow entered his guilty plea, the trial court granted at least three continuances on March 2, May 1, and June 21, 2017 due in part to immigration concerns. It seems highly unlikely that Sow's attorney would not have explained the immigration consequences when it was clear that it was an important consideration during the pendency of this case. Based on the totality of the circumstances, we cannot find that the trial court abused its discretion when it determined that Sow was not entitled to withdraw his plea pursuant to R.C. 2943.031.

**IV. Crim.R. 32.1 Presentence Motion to Withdraw Guilty Plea**

{¶ 20} Crim.R. 32.1 permits a motion to withdraw a guilty plea "only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." When a motion to withdraw guilty plea is filed before the sentencing hearing, the motion should be " 'freely and liberally granted.' " *State v. Zimmerman*, 10th Dist. No. 09AP-866, 2010-Ohio-4087, ¶ 11, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). However, there is no absolute right to withdraw a plea, even before sentence is imposed. *Zimmerman* at ¶ 11. A defendant seeking to withdraw a guilty plea before sentence must establish a reasonable

and legitimate basis for the withdrawal of the plea. *Id.* A trial court must hold a hearing to allow the defendant to make such a showing. *State v. West*, 10th Dist. No. 11AP-548, 2012-Ohio-2078, ¶ 15.

{¶ 21} The trial court's decision to grant or deny the presentence motion to withdraw is within the sound discretion of the trial court. *Id.*; *State v. Porter*, 10th Dist. No. 11AP-514, 2012-Ohio-940, ¶ 20. Absent an abuse of discretion, a reviewing court must affirm the trial court's decision to grant or deny a pre-sentence motion to withdraw a plea. *State v. Hairston*, 10th Dist. No. 07AP-160, 2007-Ohio-5928, ¶ 25. Thus, this court will only reverse the trial court's decision if the trial court acted unreasonably, arbitrarily or unconscionably. *Xie* at 527.

{¶ 22} In reviewing a trial court's decision on a presentence motion to withdraw guilty plea, this court weighs several nonexhaustive factors. These include: (1) whether the prosecution would be prejudiced if the plea were withdrawn; (2) whether the defendant was represented by highly competent counsel; (3) whether the defendant received a full Crim.R. 11 hearing prior to entering the plea; (4) whether there was a full hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion to withdraw; (6) whether the motion was filed within a reasonable time period; (7) whether the motion put forth specific reasons for the withdrawal; (8) whether the defendant understood the nature of the charges and the possible penalties; and (9) whether the defendant had a complete defense to the crime or perhaps was not guilty. *West* at ¶ 16; *State v. Jones*, 10th Dist. No. 09AP-700, 2010-Ohio-903, ¶ 10, citing *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995). "Consideration of the factors is a balancing test, and no one factor is conclusive." *Zimmerman* at ¶ 13, citing *Fish* at 240.

### A. Potential Prejudice to the Prosecution

{¶ 23} The record does not indicate that there would be any prejudice to the state if he was allowed to withdraw his plea. Thus, this factor weighs in favor of Sow.

### B. Highly Competent Counsel

{¶ 24} Sow alleged that his attorney did not really explain the immigration consequences and that he was prejudiced because of it. Trial counsel did express concern about proceeding with the hearing after Sow made his allegation as they were now adverse. This implies that counsel believed he had properly advised Sow. The trial court found that

Sow was represented by highly competent counsel and that Sow's testimony was not credible. The record shows that counsel was granted continuances to investigate the immigration consequences. At the plea hearing, Sow acknowledged that his attorney explained the entry of guilty plea form which contained the R.C. 2943.031 advisory. Therefore, the only evidence in the record contemporaneous to the plea hearing indicates that trial counsel was competent. This factor weighs against Sow.

### C. Crim.R. 11 Hearing

{¶ 25} The third factor considers whether the trial court complied with the requirements of Crim.R. 11 before Sow entered his plea. The record reflects the trial court conducted a comprehensive Crim.R. 11 hearing on July 31, 2017. Sow does not contest the trial court complied with the minimum requirements of Crim.R. 11. He does not dispute that the trial court advised him of the immigration consequences of deportation, denial of admission into the United States, and denial of naturalization. Because the trial court fully and properly conducted the Crim.R. 11 hearing, the third factor also weighs against Sow.

### D. Receipt of a Full Hearing on the Motion to Withdraw

{¶ 26} This factor test asks whether Sow received a full hearing on his motion to withdraw his guilty plea. The record indicates that the trial court conducted a hearing on Sow's motion on October 17, 2017. On appeal, Sow contends that he did not receive a full hearing because he was not given the opportunity to demonstrate that his attorney was deficient. We disagree. The trial court gave Sow the opportunity to make a lengthy statement to explain why he should be allowed to withdraw his plea without interruption from the court or counsel. Although Sow did at one point state that his attorney had not explained the consequences of his plea, he provided no specifics. He had the opportunity to explain what his attorney failed to tell him. He did not avail himself of that opportunity. We conclude that Sow had a full opportunity to be heard on his motion. The fourth factor weighs against Sow.

### E. Full and Fair Consideration of the Motion

{¶ 27} The fifth factor looks to whether the trial court fully and fairly considered Sow's motion to withdraw guilty plea. After Sow finished testifying, the trial court discussed its reasons for denying Sow's motion. The trial court went through these factors and made its findings. Sow now contends that the trial court did not ensure that his attorney gave

him the proper immigration advisories and failed to ensure that he was not prejudiced by any such failure. The trial court did not appear to find Sow credible. As a result, it did not appear to give any weight to Sow's vague and unsupported allegation that his attorney failed to explain the consequences of his plea. Therefore, the trial court duly considered Sow's motion and conducted the appropriate balancing test. Thus, the fifth factor weighs against Sow's motion.

### F. Reasonable Time

{¶ 28} In the sixth factor, we are to consider whether Sow made his motion within a reasonable time. Sow moved to withdraw his plea on September 12, 2017, one and one-half months after he had entered the plea on July 31, 2017. The trial court found that this was not within a reasonable time because it was two days before the sentencing hearing. Sow argues that this was not a significant delay. We agree and find this to be a reasonable time. Thus, the sixth factor weighs in favor of Sow.

### G. Specific Reasons for Withdrawal

{¶ 29} The seventh factor asks whether Sow set forth in his motion specific reasons for the withdrawal. In his written motion to withdraw, Sow stated that he did not understand the immigration consequences of his plea and that he believed that he was not guilty of the charges against him. At the hearing, Sow also stated that he has trouble finding a job and that he would not be able to get a commercial driver's license due to the driver's license suspension. We conclude that Sow did provide specific reasons for seeking withdrawal of his plea, and, even if his specific reasons ultimately lack merit, the seventh factor nonetheless weighs in favor of Sow.

### H. Whether Defendant Understood the Charges and Possible Penalties

{¶ 30} The eighth factor asks whether Sow understood the nature of the charges and the possible penalties. At the Crim.R. 11 hearing, the trial court explained all the charges and possible penalties, and Sow expressly stated he understood. Sow contends that he did not understand the immigration consequences of his plea until his uncle explained them to him. The trial court did not find this credible. Based on our prior determination that the trial court substantially complied with R.C. 2943.031, and that the record did not contain evidence to substantiate Sow's claim, we find that Sow understood the charges and possible penalties against him, and we conclude the eighth factor weighs against Sow.

### I. Possible Defenses to the Charges

{¶ 31} In the final factor, we examine whether Sow had possible defenses to the charges against him. Sow did not deny that he hit two people with his car. He stated that he was not under the influence of alcohol or a controlled substance at the time of the incident. He contends that his shoes got pushed onto the gas pedal when he tried to apply the brake pedal after the car started to move. The trial court found that this was not a valid defense. We agree. Sow was charged with recklessly causing serious physical harm to two people while operating a motor vehicle. The fact that Sow was not under the influence of any substance does not negate that he was reckless in his actions. Thus, we conclude the ninth factor weighs against Sow.

{¶ 32} In summation, the majority of the nine factors weigh against Sow's motion. Moreover, a trial court appropriately assesses a defendant's credibility in considering the defendant's asserted reasons for wanting to withdraw his plea. *State v. Ganguly*, 10th Dist. No. 14AP-383, 2015-Ohio-845, ¶ 23. Here, Sow's primary reason for wanting to withdraw his plea was that he did not understand the immigration consequences of his guilty plea. The trial court is in the best position to consider the credibility of Sow's arguments, and the trial court concluded that he did not present a reasonable and legitimate basis for the withdrawal of his plea. Having reviewed the record and weighed the nine factors in the balancing test, we conclude the trial court did not abuse its discretion in denying Sow's motion to withdraw his guilty plea. Accordingly, we overrule Sow's sole assignment of error.

{¶ 33} For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

———————————