[Cite as *State v. Canas*, 2025-Ohio-1471.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

        Plaintiff-Appellee,        :            No. 24AP-209
                                    (C.P.C. No. 21CR-3036)

v.                                         :

                                   (REGULAR CALENDAR)

Jose S. Rodriguez Canas,                   :

        Defendant-Appellant.       :

---

D E C I S I O N

Rendered on April 24, 2025

---

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Michael A. Walsh*, for appellee. **Argued:** *Michael A. Walsh.*

**On brief:** *Perez & Morris, LLC*, and *Eleina K. Thomas*, for appellant. **Argued:** *Eleina K. Thomas.*

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, P.J.

{¶ 1} Defendant-appellant, Jose S. Rodriguez Canas, appeals from a judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief without a hearing. Because the petition, supporting affidavits, and the record fail to set forth operative facts to establish substantive grounds for relief, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Canas, a native of El Salvador, migrated to the United States in 2000 and obtained a permanent resident card in 2017. Canas lived with his wife, N.R., and their minor son, A.R. N.R. had a minor daughter, L.M., who also lived with them and is the victim in this matter.

{¶ 3} On February 4, 2021, A.R. was using Canas' phone when a live image of L.M.'s bedroom appeared, and A.R. told his mother. N.R. discovered nude images of L.M. and immediately called law enforcement. A search warrant was obtained, and hidden cameras placed by Canas were found in the bathroom and L.M.'s bedroom. Twenty-five video clips of L.M. were retrieved from the phone.

{¶ 4} On July 28, 2021, Canas was indicted on two counts of illegal use of a minor in nudity-oriented material or performance, a felony of the second degree in violation of R.C. 2907.323, and two counts of voyeurism, a felony of the fifth degree in violation of R.C. 2907.08. Canas retained counsel and entered a plea of not guilty.

{¶ 5} In March 2022, Canas' counsel withdrew from the case, and he retained attorney Yass A. Benis as his new counsel. On August 8, 2022, Canas pled guilty to one count of endangering children, a felony of the second degree in violation of R.C. 2919.22(B)(5). The plea form contained advisements regarding deportation and the requirement to register as a sex offender, and the trial court advised Canas on the record. An interpreter was present for all hearings with attorney Benis.

{¶ 6} On October 13, 2022, Canas was sentenced to an indeterminate prison term of six to nine years. On October 17, 2022, Canas was returned to the trial court to ensure he was fully informed of the ramifications of his sentence. Canas did not file a direct appeal.

{¶ 7} Canas retained attorney Charles Koenig in early 2023 to assist with withdrawing his guilty plea. Attorney Koenig talked with Canas, attorney Benis, and Lisa Wooten, a friend of Canas, and on March 23, 2023, drafted an affidavit for attorney Benis to sign based on those conversations. Attorney Benis refused to sign the affidavit and died on August 12, 2023.

{¶ 8} Canas retained attorney Eleina K. Thomas, and a petition for postconviction relief alleging attorney Benis' ineffective assistance was filed on November 13, 2023. Canas requested to withdraw his guilty plea and go to trial, or in the alternative, conduct additional discovery regarding the factual basis for postconviction relief. The petition included affidavits from Canas, attorney Koenig, attorney Thomas, and the unexecuted attorney Benis affidavit.

{¶ 9}   On February 26, 2024, the trial court denied the petition without a hearing, finding that attorney Benis' performance was not deficient and that Canas had not demonstrated prejudice.  Canas brings the instant appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 10} Canas assigns the following as trial court error:

> The Trial Court abused its discretion when it denied Appellant Mr. Canas' timely filed petition for postconviction relief pursuant to R.C. 2953.21 where he presented substantive grounds for relief that required an evidentiary hearing.

## III.  STANDARD OF REVIEW

{¶ 11} We review a decision to grant or deny a petition for postconviction relief, including the decision whether to afford the petitioner a hearing, under an abuse-of-discretion standard.  *State v. Boddie*, 2013-Ohio-3925 (10th Dist.).  " 'A reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' "  *State v. Sidibeh*, 2013-Ohio-2309, ¶ 7 (10th Dist.), quoting *State v. Gondor*, 2006-Ohio-6679, ¶ 58.  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV.  LEGAL ANALYSIS

{¶ 12} The postconviction relief process is a civil attack of a criminal judgment, as opposed to an appeal of that judgment.  *State v. Calhoun*, 86 Ohio St.3d 279 (1999).  A postconviction relief petition seeks to determine whether "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States."  R.C. 2953.21(A)(1)(a)(i).  The petitioner bears the burden of producing evidence of a "cognizable claim of constitutional error."  *State v. Harris*, 2008-Ohio-2837, ¶ 7 (10th Dist.).

{¶ 13} Postconviction review is not a constitutional right, and a petitioner is not entitled to an automatic hearing.  *State v. Heiney*, 2020-Ohio-2761 (6th Dist.).  The trial court must review the entirety of the record to determine if the petition states a substantive ground for relief.  If the record demonstrates that the petitioner is not entitled to relief, then the trial court must dismiss the petition.  R.C. 2953.21(D).  Substantive grounds for relief exist and a hearing is warranted only if sufficient, credible evidence is produced that

demonstrates the petitioner suffered a violation of the petitioner's constitutional rights. *State v. Bunch*, 2022-Ohio-4723.

{¶ 14} Canas alleged in his postconviction relief petition that he did not enter a knowing and intelligent plea due to ineffective assistance of counsel. Specifically, he argued on appeal that trial counsel failed to advise him of the possible deportation consequences from the plea deal.

{¶ 15} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶ 16} A defendant is guaranteed the effective assistance of counsel during the plea process, and ineffective assistance of counsel is a basis for seeking post-sentence withdrawal of a guilty plea. *State v. Corradetti*, 2022-Ohio-1280 (11th Dist.). A petition for postconviction relief is the appropriate vehicle to allege ineffective assistance of counsel for failure to advise a noncitizen of the risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356 (2010).

{¶ 17} The trial court must apply the two-part test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668 (1984). A defendant must first show that trial counsel's representation was deficient and fell below an objective standard of reasonableness. *Id.* Misadvising or failing to give any advice about the consequences of deportation may trigger the first part of the *Strickland* test. *State v. Romero*, 2019-Ohio-1839, ¶ 15.

{¶ 18} To determine if counsel was deficient, this court must determine whether counsel satisfied their duty to give a warning that a guilty plea may have adverse immigration or deportation consequences. *Id.* Canas claims that attorney Benis did not advise him of the deportation consequences of a guilty plea. However, Canas has not produced any evidence that independently establishes that attorney Benis did not inform him of deportation risks. This is not the situation where trial counsel admitted in court that they failed to properly advise. *State v. Yapp*, 2015-Ohio-1654 (8th Dist.). *See State v. Cardenas*, 2016-Ohio-5537 (2d Dist.) (in a hearing to withdraw guilty plea because of ineffective assistance, trial attorney submitted an affidavit stating he did not discuss

deportation with defendant). There is no support above and beyond the information provided in the petition. Because Canas failed to overcome the strong presumption that counsel's performance was within an objective standard of reasonable representation, he has not established deficient performance. *State v. Martinez*, 2014-Ohio-2425 (10th Dist.).

{¶ 19} The second prong requires a defendant to demonstrate prejudice because of the deficiency. *Strickland* at 687. Prejudice can be shown by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52 (1985), syllabus. Such a demonstration " ' on a defendant's decisionmaking' " and requires contemporaneous evidence that a defendant would have made a different choice but for counsel's erroneous advice. *State v. Bozso,* 2020-Ohio-3779, ¶ 29, quoting *Lee v. United Stated*, 582 U.S. 357, 367 (2017). A guilty plea should not be disturbed "solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee* at 369.

{¶ 20} A trial court must consider the totality of the circumstances when assessing whether a defendant has established prejudice from trial counsel's failure to properly advise of a risk of deportation. *Romero*, 2019-Ohio-1839. Prejudice must be demonstrated through specific facts in the record or through affidavits. *State v. Cardona*, 2024-Ohio-5696 (10th Dist.). Factors such as the defendant's consequences of going to trial, the importance placed on avoiding deportation, judicial advisements of deportation, and connections to the United States may corroborate a defendant's expressed preferences. *Bozso*, 2020-Ohio-3779. These factors and other reasons in a particular case are considered to ascertain whether the totality of the circumstances demonstrate deficient performance and resulting prejudice. *Id.*

{¶ 21} Regarding the consequences of going to trial, the inquiry focuses on the defendant's perspective in assessing the consequences of conviction after trial or by plea. *Romero* at ¶ 30. A defendant does not have to demonstrate that he would have been better off by going to trial. *Id.* Canas argued that he installed the hidden cameras to protect his son, A.R., from sexual abuse. However, asserting that defense requires an admission that he secretly videotaped his stepdaughter while nude in the bathroom, and that strategy is a non-starter. *State v. Shaw*, 2024-Ohio-506 (12th Dist.) (evidence supported voyeurism

conviction when defendant placed hidden camera in bathroom ostensibly to ensure people were washing their hands but captured video of home health nurse using the bathroom and changing her clothes). Canas faced four felony counts, and significantly reduced his exposure to additional prison time by pleading guilty to one second-degree felony count of endangering children.

{¶ 22} Canas stated in his petition that a deciding factor in taking the plea deal was receiving probation and obtaining custody of A.R. However, the plea deal did not contain a joint recommendation for probation, but rather that the plaintiff-appellee, State of Ohio, would make no recommendation as to sentencing. Canas does not indicate the portion of the record where attorney Benis promised him probation or even implied as much. *State v. Cardona*, 2001 Ohio App. LEXIS 3626 (8th Dist. Aug. 7, 2001). Canas wanted probation, but it may have been any reliance on receiving probation was a "case of hope over reality." (Internal quotations marks deleted.) *Bozso* at ¶ 13. The trial court had the discretion to sentence Canas to probation but chose not to. This factor weighs against a finding of prejudice.

{¶ 23} Regarding the importance placed on deportation, Canas focused on his quest to obtain custody of A.R. However, deportation or incarceration would impact custody. It is unclear if Canas faced certain deportation, and the record does not reflect that deportation proceedings had commenced. Attorney Benis advocated for probation at sentencing, but the trial court imposed prison time.

{¶ 24} A defendant's concern indicated by multiple questions of his counsel regarding deportation and his confusion during the plea colloquy were evidence of the paramount importance the defendant placed on avoiding deportation. *Lee*, 582 U.S. 357. The only evidence regarding Canas' motives for entering his guilty plea were his own self-serving statements. Such conclusionary statements have little impact without supporting testimony or evidence, and we must "conclude that [Canas] has not met his burden of demonstrating that but for his counsel's erroneous advice . . . he would not have pleaded guilty." *Bozso* at ¶ 35. In sum, there is no contemporaneous evidence that indicates avoiding deportation was the determinative factor in pleading guilty. *Lee*.

{¶ 25} R.C. 2943.031 requires a trial court to advise a noncitizen defendant of the possibilities of deportation. *State v. Sow*, 2018-Ohio-4186 (10th Dist.). The trial court read

Canas the proper advisement in open court, and he indicated that he understood it and had no questions. Said advisement will not act to cure a counsel's failure to give an advisement, but it will weigh against a finding of prejudice from counsel's failure to advise. *State v. Galdamez*, 2015-Ohio-3681 (10th Dist.). *See also State v. Ikharo*, 2011-Ohio-2746, ¶ 19 (10th Dist.) (defendant who received trial court's R.C. 2943.031(A) advisement "cannot satisfy the prejudice portion of the *Strickland* test").

{¶ 26} If we assume that attorney Benis did not provide any deportation advice, under these circumstances, the trial court's advisement weighs against a finding of prejudice. *State v. Yazici*, 2011-Ohio-583 (5th Dist.).

{¶ 27} Regarding Canas' connections to the United States, his young son, A.R., who is in the custody of his ex-wife, N.R., is specifically referenced by Canas. He does mention other relatives that live in the United States, but never explained why deportation was a particularly severe consequence for him. Canas has been in the United States for over 20 years and works as a painter. There is no evidence regarding connections to his native El Salvador. A defendant with significant family ties may risk going to trial instead of pleading guilty to a charge and facing certain deportation. *Romero*, 2019-Ohio-1839. While Canas may be able to demonstrate that his connections to the United States support this factor, it is outweighed by several other factors.

{¶ 28} Other contemporaneous evidence refutes Canas' assertion that he would not have pleaded guilty had he been aware of the deportation risks. Canas acknowledged on the record that he discussed his case, including possible defenses, with counsel, and was satisfied with counsel's representation. He confirmed that he understood he would have to register as a sex offender and could be deported. He identified his signature on the plea form and acknowledged reviewing the form with counsel and that he understood it. Such contemporaneous evidence weighs against a finding of prejudice. *State v. Muscroft*, 2021-Ohio-3342 (10th Dist.).

{¶ 29} Canas submitted affidavits with his petition. "[I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *State v. Calhoun*, 86 Ohio St.3d 279, 284 (1999).

{¶ 30} A trial court should consider all relevant factors in assessing the credibility of affidavit testimony, including: "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial." *Id.* at 285. A trial court has the discretion to apply any of these or other factors to conclude that the information contained in the affidavits lacks credibility and an evidentiary hearing is not required. *State v. Little*, 2022-Ohio-1295 (10th Dist.).

{¶ 31} The judge who presided at the change of plea and sentencing hearings was the same judge who reviewed the postconviction relief petition and was familiar with the case from its inception. The trial court found statements in Canas' affidavit to be disingenuous and contradicted by the record. Attorney Thomas' affidavit only confirms the undisputed fact that attorney Benis is deceased. The unsigned affidavit prepared for attorney Benis was not considered. An unexecuted affidavit has "no evidentiary value" and is not admissible. (Internal quotation marks deleted and citation omitted.) *English v. AK Steel Corp.*, 2016-Ohio-5287, ¶ 12 (12th Dist.).

{¶ 32} Attorney Koenig submitted an affidavit, but it was found to be of little use due to hearsay violations and had minimal evidentiary value. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Hearsay is inadmissible unless it falls within an exception. Evid.R. 802.

{¶ 33} Affidavits based on out-of-court statements relayed through an affiant from a person never placed under oath or subjected to cross-examination may properly be found to be not credible and deserving of little weight. *State v. Ibekie*, 2024-Ohio-5576 (5th Dist.). An affidavit based on conversations with another contains and relies on hearsay and is not admissible. *Ford Motor Credit Co. v. Ryan & Ryan, Inc.*, 2018-Ohio-3960 (10th Dist.).

{¶ 34} Canas argues that attorney Benis' statements to attorney Koenig were made contemporaneous with events and therefore the excited utterance and present sense

impression exceptions to hearsay apply to attorney Benis' conversations with attorney Koenig. We disagree.

{¶ 35} The present sense impression exception allows "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Evid.R. 803(1). The key to the trustworthiness of a present sense impression is the spontaneity of the statement, and a statement does not qualify as a present sense impression if it is not made contemporaneously with the event or immediately thereafter. *State v. Shaw*, 2013-Ohio-5292 (7th Dist.). The present sense impression exception does not apply if the period of time that elapsed between the event and the statement is not known or is unclear. *State v. Stewart*, 2018-Ohio-3517 (6th Dist.). A statement made during a 9-1-1 call is a typical present sense impression. *State v. Steward*, 2020-Ohio-4553 (10th Dist.).

{¶ 36} The excited utterance exception permits "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2). "The excited utterance exception to the hearsay rule exists because excited utterances are the product of reactive rather than reflective thinking and, thus, are believed inherently reliable." *State v. Ducey*, 2004-Ohio-3833, ¶ 17 (10th Dist.), citing *State v. Taylor*, 66 Ohio St.3d 295, 300 (1993). The declarant must be in a state of emotional shock that stills the reflective process, and "[m]erely being unsettled or upset will not make a statement admissible under Evid.R. 803(2)." *Osborne v. Kroger Co.*, 2003-Ohio-4368, ¶ 46 (10th Dist.). The excited utterance exception typically involves statements made as a result of impactful events such as automobile collisions or assaults. *Columbus v. C.G.*, 2021-Ohio-71 (10th Dist.).

{¶ 37} Attorney Koenig's conversations with attorney Benis do not qualify as an excited utterance or a present sense impression. There is no proof of the spontaneous quality necessary for either exception, and there is no way to establish the timing of attorney Benis' exchanges relative to any event. *State v. Smith*, 2019-Ohio-3257 (1st Dist.). The conversations spanned several months, and the record does not reflect the presence of factors, such as tone of voice and general demeanor, to determine a sufficient state of stress or excitement. There is nothing to confirm attorney Benis had not given reflective thought

to the issue prior to her conversations with attorney Koenig. Because we don't know what attorney Benis said and under what conditions, those conversations are inadmissible.

{¶ 38} In his principal brief, Canas broadly cites Evid.R. 804 and avers attorney Benis is unavailable and therefore excepted from the hearsay rule. In his reply brief, he now contends that the Evid.R. 804(B)(3) statement against interest exception applies but fails to support his conclusion. We disfavor appeal by ambush, and a reply brief is not the proper vehicle to raise an argument for the first time. *State v. Mitchell*, 2011-Ohio-3818 (10th Dist.). However, because we do not know the circumstances behind any statements attributed to attorney Benis, we are unable to evaluate if they were against her interest. *State v. Smith*, 2017-Ohio-7740 (10th Dist.).

{¶ 39} The trial court properly evaluated the affidavits, and did not abuse its discretion in discounting their credibility. *State v. Monaco*, 2024-Ohio-535 (5th Dist.).

{¶ 40} "In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *Gondor*, 2006-Ohio-6679, at ¶ 51. To merit a hearing, Canas must first present evidence outside the record sufficient to raise a triable issue of fact that attorney Benis was deficient, and that deficiency prejudiced him. *Bunch*, 2022-Ohio-4723, at ¶ 37. Because Canas failed to establish substantive grounds for relief, the trial court properly denied the petition without a hearing. *State v. Rembert*, 2017-Ohio-1173 (10th Dist.).

{¶ 41} We note that Canas asserts the trial court abused its discretion by considering what his original counsel may have told him. The trial court had nothing from Canas' original counsel to consider, and only articulated that information provided by original counsel "may have been helpful to the Court in evaluating the petition." (Feb. 26, 2024 Entry Denying Def.-Petitioner's Petition for Post Conviction Relief at 8.) The trial court reached its conclusion without this information.

{¶ 42} Canas has not demonstrated sufficient operative facts, supported by credible evidence, to demonstrate that trial counsel was deficient to a level that rises to a constitutional violation. *Romero*, 2019-Ohio-1839. Even with a finding of deficient performance, under the totality of the circumstances, "we cannot conclude that prejudice was demonstrated to satisfy the second prong." *State v. Pierre*, 2025-Ohio-198, ¶ 68 (2d

Dist.). The trial court did not abuse its discretion in denying the petition without conducting a hearing.

{¶ 43} As such, we find that Canas has not met his burden of demonstrating error on appeal. For the reasons above, we overrule Canas' sole assignment of error.

## V. CONCLUSION

{¶ 44} Having overruled Canas' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and LELAND, JJ., concur.

_____