[Cite as *State v. Pace*, 2016-Ohio-1158.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0041** |
| WALTER PACE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2015CVH00187E.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Leo J. Talikka*, Leo J. Talikka Co., L.P.A., P.O. Box 910, Painesville, OH 44077 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Walter Pace, appeals the trial court's denial of his application for expungement arguing that his interest in having his record sealed outweighs the government's interest in maintaining the records. We affirm.

{¶2} In 2012, Pace shot and killed two dogs as they were running in the road. The dogs had been on Pace's property prior to the shooting.

**{¶3}** Pace subsequently pleaded no contest to two, first-degree misdemeanors in violation of R.C. 959.131, prohibitions concerning companion animals. He paid the requisite fine and served 30 days house arrest and completed one year of probation. He moved the trial court to expunge his criminal record. The prosecutor filed a written objection alleging Pace did not establish that his needs in having the matter sealed outweigh the government's need to maintain his criminal record. The trial court denied Pace's motion following a hearing.

**{¶4}** He timely appeals and asserts one assignment of error:

**{¶5}** "The trial court erred in denying Defendant-Appellant's application for expungement."

**{¶6}** A court of appeals should not second guess a trial court's decision denying an R.C. 2953.32 expungement application absent an abuse of discretion or a misapplication of the governing statute. *State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509, ¶5-6, citing *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001); *State v. Spicer*, 1st Dist. Nos. C-040637 and C-040638, 2005 Ohio 4302, ¶7. "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood*, 11th Dist. No. 2008-L-113, 2009-Ohio-2089, ¶30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, 3 Ohio Law Abs. 187, 3 Ohio Law Abs. 332, 148 N.E. 362 (1925). * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court

would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

**{¶7}** R.C. 2953.32 affords certain limited number of persons convicted of crimes the privilege of having the record of their first conviction sealed via a post-conviction relief proceeding. "'Expungement is a matter of privilege, never of right.'" *State v. Huntsman*, 5th Dist. Stark No. 2002CA00164, 2002-Ohio-6017, ¶23, quoting *State v. Thomas*, 64 Ohio App.2d 141, 145, 411 N.E.2d 845 (1979).

**{¶8}** R.C. 2953.32 governs sealing records of conviction, and R.C. 2953.32(C)(1) states that "[t]he court shall do each of the following:

**{¶9}** "(a) Determine whether the applicant is an eligible offender * * *.

**{¶10}** "(b) Determine whether criminal proceedings are pending against the applicant;

**{¶11}** "(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

**{¶12}** "(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶13} "(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records."

{¶14} The parties agreed that Pace was an "eligible offender" and that he had no criminal proceedings pending against him, thus satisfying R.C. 2953.32(C)(1)(a) and (b).

{¶15} However, the prosecutor objected to the expungement based on the nature of the offenses and explained at the hearing that Pace killed these animals out of anger. The prosecutor felt that Pace continues to harbor anger toward dogs that trespass on his property and that the facts in this case could reoccur in the future. The owners of the deceased dogs spoke at the hearing and expressed their objections to Pace's expungement motion. They stated that Pace hunted and killed their dogs even though the animals posed no threat of harm to his person or property.

{¶16} Pace's counsel responded explaining that Pace had continuing problems with dogs running loose on his property harassing him and his animals. His counsel stated that the dogs' owners were at fault for failing to secure them and that Pace should be able to enjoy his property in peace.

{¶17} Pace stated that he is on a first-name basis with the local dog warden, who had been at his property for the five days before this hearing, based on dogs repeatedly entering his property.

{¶18} The trial court judge repeatedly attempted to elicit from Pace and his counsel how these convictions on his record have affected his life. Pace alleges that he is unable to hunt and purchase firearms in West Virginia, stating: "I hunt in West

4

Virginia and I can't buy a gun. I can't nothing 'cause I can't pass – you can't have it on your record to pass a federal firearms, * * * any time you buy a gun, you've got to report it to the federal --- it's got to go to – be cleared with federal firearms." His claims as to his inability to purchase firearms or hunt, however, were questioned by the prosecutor as untrue and were never verified by either side. The prosecutor responded:

{¶19} "[T]o the best of the State's knowledge, a conviction of this type would not preclude him under the Ohio Disability Code for firearms ownership, possession and use; nor do I think it would preclude him from applying for and obtaining any type of hunting or fishing licenses. * * * And he's presented nothing concerning the federal firearms form - - it's a yes/no questionnaire you have to fill out when you make a purchase of a firearm - - in there that would preclude him."

{¶20} The judge concluded the hearing stating that the last two prongs of the statute would be taken under advisement, i.e., whether Pace had been rehabilitated to the satisfaction of the court and whether his interest in sealing the records outweighs the legitimate needs of the government to maintain the records. The court subsequently denied the application holding, "Applicant did not demonstrate that he is fully rehabilitated or that his interest in having the record sealed outweighs those of maintaining the record."

{¶21} Pace acknowledges that he has ongoing problems with dogs running loose on his property and notes calling the dog warden daily at times. In light of these ongoing issues, the court agreed that the state expressed a legitimate concern that the facts underlying the offenses could repeat themselves. In light of the discretion afforded to trial courts upon weighing the interests of the applicant against those of the state, we

5

cannot conclude that the trial court erred in denying Pace's application for expungement. R.C. 2953.32(C)(1); *State v. Augenstine*, 3d Dist. Marion No. 9-86-23, 1988 Ohio App. LEXIS 2726, at *10 (June 30, 1988). Accordingly, Pace's sole assignment of error lacks merit.

{¶22} For the foregoing reasons, it is the judgment and order of this court that the judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.