[Cite as *State v. Watters*, 2017-Ohio-5640.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0094** |
| MATTHEW M. WATTERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2015 C 000141.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Matthew M. Watters*, pro se, PID: A680-384*,* Lake Erie Correction Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Matthew M. Watters, appeals the trial court's denial of his post-sentencing motion to withdraw his guilty plea, asserting that the affidavit accompanying the motion was sufficient to demonstrate his plea was involuntary. We affirm.

{¶2} In August 2015, the Geauga County Grand Jury indicted appellant on nine felonies and one misdemeanor. The charges arose from appellant's attempt to flee

from two undercover police officers after an unplanned meeting at a Geauga County residence. The chase began when appellant drove his car a short distance across a lawn while an officer was reaching into the window of appellant's driver's door attempting to take the keys. After appellant was in custody, the police found a firearm and heroin. Appellant admitted he went to Geauga County to sell illegal drugs.

{¶3} Three months after indictment, appellant pleaded guilty to one count of possession of heroin, a second-degree felony under R.C. 2925.11(A) & (C)(6), one count of having a weapon under disability, a third-degree felony under R.C. 2923.13(A)(3), and one count of failure to comply with a police officer's order or signal, a third-degree felony under R.C. 2921.331(A) & (C)(5). The remaining charges were dismissed. At the plea hearing, appellant was fully advised of the ramifications of his guilty plea.

{¶4} Sentencing was deferred pending a presentence investigation and submission of sentencing briefs. The trial court held a sentencing hearing. Thereafter, the court imposed a five-year prison term for possession of heroin, a 30-month prison term for having a weapon under a disability, and a 30-month prison term for failure to comply, consecutive, for an aggregate term of ten years.

{¶5} Appellant did not timely appeal. However, four months after the sentencing appellant moved this court for leave to file a delayed appeal. We granted that motion, and a separate appeal ensued.

{¶6} On the same day appellant moved this court for delayed appeal, he moved the trial court to withdraw his guilty plea under Crim.R. 32.1. In an affidavit attached to the motion, appellant averred that he pleaded guilty because his trial

2

attorney told him the "judge/prosecutor" agreed that he would receive a sentence of 2-4 years. He further averred that his counsel told him to deny that any promises were made to induce him to plea. Appellant argued that his guilty plea was, therefore, involuntary.

{¶7} This court remanded to the trial court for disposition of the motion to withdraw. The trial court overruled the motion noting that appellant was thoroughly questioned during the plea hearing, and appellant specifically stated that no promises had been made to him to obtain his guilty plea.

{¶8} Appellant appeals asserting one assignment of error:

{¶9} "The trial court erred by denying Mr. Watters' motion to withdraw guilty plea via an abuse of discretion."

{¶10} In claiming that a manifest injustice has occurred as a result of the denial of his motion to withdraw his guilty plea, appellant contends that the factual assertions in his accompanying affidavit are sufficient to show that his guilty plea was not voluntarily. He further contends that the trial court should have accepted his unrebutted assertions as true. Based upon this, he maintains that the trial court abused its discretion in overruling his motion without benefit of a hearing.

{¶11} Crim.R. 32.1 provides that if a trial court has already imposed sentence in a criminal action, the withdrawal of a guilty plea will only be allowed "to correct manifest injustice." "'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Conteh*, 10th Dist. Franklin No. 09AP-490, 2009-Ohio-6780, ¶13, quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶5.

"The burden of proving 'manifest injustice' lies with a defendant, and an appellate court reviews a trial court's determination of whether that standard has been met by the defendant for an abuse of discretion." *State v. Reinhardt*, 1st Dist. Hamilton No. C-130560, 2014-Ohio-4071, ¶11.

**{¶12}** As to whether an evidentiary hearing must be held before ruling or a post sentencing motion to withdraw plea, this court has stated:

**{¶13}** "Although a trial court must hold a hearing if there is a reasonable basis for the withdrawal of a presentence guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has already sentenced a party. *State v. Hudach*, 11th Dist. No. 2003-T-0110, 2004-Ohio-6949, at ¶28. In arriving at its decision, a trial court has the discretion to determine the credibility and weight of the movant's contentions. Id. at ¶29. Hence, a trial court's decision on a postsentence motion to withdraw a guilty plea will be reversed only for an abuse of discretion. Id. at ¶30. In those situations where the trial court must consider a postsentence motion to withdraw a guilty plea, a hearing is only required if the facts alleged by the defendant, and accepted as true, would require the trial court to permit withdrawal of the plea. *State v. Kerns* (July 14, 2000), 11th Dist. No. 99-T-0106, 2000 Ohio App. LEXIS 3202, at 5." *State v. Robinson*, 11th Dist. Ashtabula No. 2003-A-0125, 2005-Ohio-5287, ¶8.

**{¶14}** However, a trial court is permitted to assess the credibility of an *affidavit* before determining whether to grant a motion to withdraw. *Robinson* at ¶28*.* In *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), the Ohio Supreme Court delineated a set of factors for a trial court to employ when assessing the credibility of

4

affidavits accompanying petitions for postconviction relief. Some Ohio appellate courts apply the *Calhoun* factors for purposes of assessing the credibility of affidavits accompanying postsentencing motions to withdraw. *See Robinson*, *supra*, at ¶27-28, citing *State v. Christley*, 11th Dist. Portage No. 99-P-022, 2000 Ohio App. LEXIS 2140 (May 29, 2000); *State v. Mynatt*, 1st Dist. Hamilton Nos. C-100298 & C-100319, 2011-Ohio-1358. The *Calhoun* holding has been summarized in the following manner:

{¶15} "In deciding a Crim.R. 32.1 motion, the [trial] court must accord due deference to a supporting affidavit. But the court has the discretion to judge the credibility of an affidavit without first conducting an evidentiary hearing on the motion. In assessing an affidavit's credibility, and thus determining the need for a hearing, the court must consider all relevant factors, including (1) whether the judge reviewing the motion also presided at the plea hearing, (2) whether multiple affidavits contain nearly identical language or otherwise appear to have been drafted by the same person, (3) whether the affidavit contains or relies on hearsay, (4) whether the affiant is related to the defendant or otherwise interested in the success of his efforts, (5) whether the affidavit contradicts defense evidence, (6) whether the affidavit is contradicted by any other sworn statement of the affiant, and (7) whether the affidavit is internally inconsistent." *State v. Dye*, 1st Dist. Hamilton No. C-120483, 2013-Ohio-1626, ¶11.

{¶16} Only the first and third factors are relevant to our analysis. As to the first factor, the trial judge who reviewed the motion to withdraw is the same judge who accepted appellant's guilty plea. Moreover, the trial judge relied upon his knowledge from the plea hearing in deciding the motion to withdraw. The trial court noted: (1) he thoroughly questioned appellant during the plea hearing; (2) appellant said that no

promises were made to him in order secure his change of plea; and (3) the guilty plea was entered knowingly, willingly and voluntarily. A review of the plea transcript readily supports the trial judge's findings and conclusion. Thus, as permitted, the trial court found appellant's affidavit not credible.

{¶17} Moreover, after pronouncing sentence, the trial court asked appellant if he had any questions regarding his sentence; appellant said he had none. Given that appellant would have then known that the alleged "deal" had been breached, he could have raised questions. Instead, he waited four months to file his motion to withdraw. This further undermines the credibility of the affidavit.

{¶18} As to the third *Calhoun* factor, appellant's entire affidavit was based upon hearsay, further eroding the affidavit's credibility.

{¶19} Appellant has failed to show an abuse of discretion. *State v. Pace*, 11th Dist. Ashtabula No. 2015-A-0041, 2016-Ohio-1158, ¶6, quoting *State v. Beechler*, 2nd Dist. No. 09CA-54, 2010-Ohio-1900, ¶62.

{¶20} The judgment of the Geauga County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMONTY P. CANNON, J.,

concur.

6