[Cite as *State v. Pierce*, 2022-Ohio-4048.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0011 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JAMES EUGENE PIERCE, JR., | Trial Court No. 2020 CR 00310 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: November 14, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*David L. Engler*, Engler Law Firm, 181 Elm Road, N.E., Warren, OH 44483 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, James Eugene Pierce, Jr., appeals the denial of his motion to withdraw guilty pleas and the denial of his motion for findings of fact and conclusions of law. We affirm.

{¶2} Appellant pleaded guilty to two counts of rape (F1), in violation of R.C. 2907.02(A)(1)(b)&(B), and one count of disseminating matter harmful to juveniles (F4), in violation of R.C. 2907.31(A)(1)&(F). He was sentenced to an aggregate prison term of life with the possibility of parole after ten years and classified as a Tier III Sex Offender /

Child Victim Offender. The direct appeal from appellant's conviction was dismissed as untimely. *State v. Pierce*, 11th Dist. Trumbull No. 2021-T-0005, 2021-Ohio-1019.

{¶3} Appellant filed a Crim.R. 32.1 motion to withdraw his guilty pleas, which the trial court denied without a hearing. Subsequently, appellant filed a motion for findings of fact and conclusions of law, which the trial court also denied. Appellant noticed an appeal from both entries.

{¶4} Appellant raises three assignments of error:

> [1.] The Trial Court did not accept Guilty pleas that were knowingly, intelligently, and voluntarily given by Defendant-Appellant due to his psychological and physical condition at the time of the Plea Hearing.
>
> [2.] The Trial Court failed to conduct a Hearing on the post-Sentencing Motion to Withdraw Guilty Pleas, depriving Appellant of his Constitutional rights to due process of law.
>
> [3.] The Trial Court failed to issue Findings of Fact and Conclusions of Law, depriving Appellant of his Constitutional rights to due process of law in both the Trial and Appellate Courts.

{¶5} In his first assigned error, appellant contends that the trial court erred in accepting his guilty pleas because they were not voluntarily given. In his second assigned error, appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas without holding a hearing.

{¶6} Appellate courts review a trial court's decision on a motion to withdraw a guilty plea, as well as the decision whether to hold a hearing, for an abuse of discretion. *State v. Peete*, 11th Dist. Trumbull No. 2018-T-0094, 2019-Ohio-2513, ¶ 15-16. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-

2

making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 13.

{¶8} "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A 'manifest injustice' is a 'clear or openly unjust act' and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." (Citations omitted.) *Straley* at ¶ 14, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "The term 'has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.'" *Straley* at ¶ 14, quoting *Smith* at 264.

{¶9} In his Crim.R. 32.1 post-sentence motion, appellant argues that at the time he entered the pleas he was under the influence of prescription medication and was under extreme psychological duress due to the recent death of his wife, the nature of the accusations against him, and the fact that he faced a potential life sentence. Appellant further asserts that the trial court may not have been able to pick up on these issues because the plea hearing was held via WebEx instead of in person. Appellant submitted

3

affidavits in support of his motion from his daughter and a friend, who also owns a bail bond company and bonded appellant out of jail.

{¶10} We first note that although the trial court must accord due deference to a supporting affidavit when deciding a Crim.R. 32.1 motion, the court has discretion to judge the credibility of the affidavit prior to conducting an evidentiary hearing on the motion. *State v. West*, 2017-Ohio-5596, 93 N.E.3d 1221, ¶ 38 (1st Dist.); *accord State v. Watters*, 11th Dist. Geauga No. 2016-G-0094, 2017-Ohio-5640, ¶ 14 ("[A] trial court is permitted to assess the credibility of an affidavit before determining whether to grant a motion to withdraw." (Emphasis added and citation omitted.)). "In assessing an affidavit's credibility, and thus determining the need for a hearing, the court must consider all relevant factors, including:

> (1) whether the judge reviewing the motion also presided at the plea hearing, (2) whether multiple affidavits contain nearly identical language or otherwise appear to have been drafted by the same person, (3) whether the affidavit contains or relies on hearsay, (4) whether the affiant is related to the defendant or otherwise interested in the success of his efforts, (5) whether the affidavit contradicts defense evidence, (6) whether the affidavit is contradicted by any other sworn statement of the affiant, and (7) whether the affidavit is internally inconsistent.

(Citation omitted) *West* at ¶ 38; *accord Watters* at ¶ 15 (adopting for purposes of a Crim.R. 32.1 motion the factors set forth in *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999) for assessing affidavits submitted in support of a postconviction petition).

{¶11} Here, appellant's daughter averred that appellant suffered from depression and suicidal attempts while the case was pending. She further averred that she saw appellant in the morning on the day of his plea hearing and that he was under the influence of prescription medication, which affected his ability to understand the

4

proceedings. These averments contradict unequivocal statements made by appellant to the trial court during the plea hearing. Further, as appellant's daughter, she is interested in the success of appellant's effort to withdraw his guilty plea, and the credibility of her affidavit should be weighed accordingly. Appellant's friend, and bail bondsman, averred that appellant claimed he was innocent but did not want to face a trial on the sensitive charges. There is no information in his affidavit, however, surrounding appellant's guilty pleas. Taken as true, neither of these affidavits speak to appellant's decision to enter the guilty pleas or to his actual state of mind during the plea hearing, and neither support appellant's assertion of a manifest injustice. Thus, it was within the trial court's discretion to weigh the credibility of the affidavits and decide that an evidentiary hearing was not warranted.

{¶12} Additionally, the trial judge who reviewed the motion to withdraw is the same judge who accepted appellant's guilty plea, and our review of the plea transcript reveals no irregularities with the hearing. Appellant entered the guilty pleas while under the representation of competent counsel, addressed and responded to the court appropriately, and agreed to the hearing being conducted via WebEx without objection.

{¶13} Even if the allegations in the motion are accepted as true, appellant has not satisfied the high burden of demonstrating the presence of a manifest injustice. The record belies any present allegation that the decision to plead guilty was made with an unclear mind or that the pleas were not entered knowingly, intelligently, and voluntarily. Further, "Ohio law does not favorably accommodate a defendant's argument that his or her plea was involuntary due to the undue stress that resulted from being informed of the

5

maximum possible sentence that could be imposed." *State v. Jackson*, 11th Dist. Trumbull No. 98-T-0182, 2000 WL 522440, *3 (Mar. 31, 2000), citing Crim.R. 11(C).

{¶14} Accordingly, because appellant has not demonstrated a manifest injustice, the trial court court's denial of appellant's postsentence Crim.R. 32.1 motion was not unreasonable, arbitrary, or unconscionable. Further, because the record belies the allegations in support of appellant's motion, it was not an abuse of discretion for the trial court not to hold an evidentiary hearing.

{¶15} Appellant's first and second assigned errors are without merit.

{¶16} In his third assigned error, appellant contends that the trial court denied him due process by failing to issue findings of fact and conclusions of law pertaining to the denial of his motion to withdraw his guilty pleas. A trial court has no duty, however, to issue findings of fact and conclusions of law when it denies a Crim.R. 32.1 motion to withdraw a plea. *State v. Green*, 11th Dist. Trumbull No. 2018-T-0063, 2019-Ohio-1303, ¶ 28-29, citing *State v. Dewey*, 11th Dist. Ashtabula No. 98-A-0027, 1998 WL 964499, *4 (Dec. 4, 1998), citing *State ex rel. Hagwood v. Jones*, 8th Dist. Cuyahoga No. 72084, 1997 WL 209289, *1 (Apr. 24, 1997), and *State v. Marshall*, 6th Dist. Wood No. WD-88-63, 1989 WL 72239, *2 (June 30, 1989). Accordingly, we find no merit with appellant's third assigned error.

{¶17} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

6

Case No. 2022-T-0011