[Cite as *State v. Gaines*, 2022-Ohio-4278.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>RAYSHAWN MICHAEL GAINES,<br><br>Defendant-Appellant. | **CASE NOS. 2022-A-0046**<br>**2022-A-0047**<br>**2022-A-0049**<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br>Trial Court Nos. 2019 CR 00329<br>2020 CR 00191<br>2020 CR 00335 |

**O P I N I O N**

Decided: November 30, 2022
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Jessica Fross*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} In these consolidated appeals, appellant, Rayshawn Michael Gaines, appeals the denial of his motions to withdraw guilty pleas in three separately indicted cases assigned to two courtrooms of the Ashtabula County Court of Common Pleas. We affirm.

{¶2} In case number 2019-CR-329, Gaines pleaded guilty to one count of robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). In case numbers 2020-CR-191 and 2020-CR-335, which were consolidated below, Gaines pleaded guilty

to one count of aggravated trafficking in drugs, a third-degree felony, in violation of R.C. 2925.03(A)(1) & (C)(1)(c); and one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1) & (D)(1)(a). Pursuant to a global plea agreement, all remaining counts of the indictments were dismissed. Gaines was sentenced to an agreed and stipulated sentence of three concurrent prison terms for a total of five years minimum with a maximum of seven and one-half years. Gaines did not directly appeal the judgments of conviction.

{¶3} Over one year later, Gaines filed Crim.R. 32.1 motions to withdraw his guilty pleas as to the robbery and felonious assault counts. The motions were overruled in each case without a hearing. From these entries, Gaines asserts one assignment of error:

{¶4} "The trial courts erred in denying Rayshawn Gaines' motion[s] to withdraw his guilty plea[s]."

{¶5} Gaines contends that the trial court erred in denying his motions to withdraw his guilty pleas without holding a hearing because he presented competent and credible evidence of manifest injustice, i.e., of actual innocence and/or ineffective assistance of counsel.

{¶6} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 13. "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "A 'manifest

2

injustice' is a 'clear or openly unjust act' and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." (Citations omitted.) *Straley* at ¶ 14, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). "The term 'has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases.'" *Straley* at ¶ 14, quoting *Smith* at 264.

{¶7} "When a trial court is confronted with a post-sentence Crim.R. 32.1 motion to withdraw a guilty plea, an evidentiary hearing is required if the facts alleged by a defendant, accepted as true, would require the trial court to grant the motion." (Citations omitted.) *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *6 (Mar. 22, 2002). "However, if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required." (Citations omitted.) *Id.*

{¶8} "Determinations as to the credibility, good faith, and weight of the defendant's assertions are within the sound discretion of the trial court." *State v. Pearson*, 11th Dist. Geauga Nos. 2002-G-2413 & 2002-G-2414, 2003-Ohio-6962, ¶ 7. Thus, appellate courts review a trial court's decision on a motion to withdraw a guilty plea, as well as the decision whether to hold a hearing, for an abuse of discretion. *State v. Peete*, 11th Dist. Trumbull No. 2018-T-0094, 2019-Ohio-2513, ¶ 15-16. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

3

**{¶9}** In his postsentence Crim.R. 32.1 motions, Gaines argued that he should be permitted to withdraw his guilty pleas to robbery and felonious assault because he is actually innocent of both counts. As to the robbery charge, Gaines attached police reports from the incident and a notarized handwritten statement from co-defendant Brian Sears, in which Sears accepts responsibility for the crime and suggests Gaines' innocence.

**{¶10}** Rejecting Gaines' actual innocence claim without an evidentiary hearing necessarily required the trial court to wholly discount the credibility of Sears' affidavit. Although the court must accord due deference to a supporting affidavit when deciding a Crim.R. 32.1 motion, the court has discretion to judge the credibility of the affidavit prior to conducting an evidentiary hearing on the motion. *State v. West*, 2017-Ohio-5596, 93 N.E.3d 1221, ¶ 38 (1st Dist.); *accord State v. Watters*, 11th Dist. Geauga No. 2016-G-0094, 2017-Ohio-5640, ¶ 14 ("[A] trial court is permitted to assess the credibility of an affidavit before determining whether to grant a motion to withdraw." (Emphasis and citation omitted.)). "In assessing an affidavit's credibility, and thus determining the need for a hearing, the court must consider all relevant factors, including

> (1) whether the judge reviewing the motion also presided at the plea hearing, (2) whether multiple affidavits contain nearly identical language or otherwise appear to have been drafted by the same person, (3) whether the affidavit contains or relies on hearsay, (4) whether the affiant is related to the defendant or otherwise interested in the success of his efforts, (5) whether the affidavit contradicts defense evidence, (6) whether the affidavit is contradicted by any other sworn statement of the affiant, and (7) whether the affidavit is internally inconsistent.

(Citation omitted) *West* at ¶ 38; *accord Watters* at ¶ 15 (adopting for purposes of a Crim.R. 32.1 motion the factors set forth in *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999) for assessing affidavits submitted in support of a postconviction petition).

4

Case Nos. 2022-A-0046, 2022-A-0047, 2022-A-0049

{¶11}  Here, the trial judge who reviewed the motion to withdraw is the same judge who accepted Gaines' guilty plea.  The judge also reviewed the plea hearing transcript before ruling on the motion.  The trial court found no irregularities with the hearing and concluded that Gaines made a knowing, intelligent, and voluntary plea with his counsel present.  Our review of the transcript readily supports the trial court's finding and conclusion.  Moreover, the contents of Sears' affidavit contradict the police reports submitted with Gaines' motion, which indicate that Gaines was identified in a photo array by witnesses to the crime.

{¶12}  We are unpersuaded that the trial court abused its discretion in declining to find a manifest injustice warranting the withdrawal of Gaines' guilty plea to the charge of robbery.  The denial of this postsentence Crim.R. 32.1 motion was neither unreasonable, arbitrary, nor unconscionable.  Further, because the record belies any present allegation that the guilty plea was not entered knowingly, intelligently, and voluntarily, the decision not to hold an evidentiary hearing was not an abuse of discretion.

{¶13}  As to the felonious assault charge, which occurred while Gaines was confined in the county jail, Gaines asserted that he "anticipates" that a fellow inmate will exculpate him at a hearing.  Gaines attached a news article that reported on the incident and subsequently filed what he described as a "sworn statement" from this fellow inmate, which is in fact nothing more than a screenshot of a text message suggesting Gaines' innocence.  The trial court found Gaines' argument "wildly speculative" and "premised upon little more than a newspaper article," which itself, the trial court noted, reports that "Gaines can be seen attacking [the victim]" in the security footage from the jail.  Although Gaines did not provide the trial court with a transcript of the plea hearing, the court

5

reviewed a copy of the transcription and found that Gaines' plea was made knowingly, intelligently, voluntarily, and with full assistance of counsel. Gaines likewise did not provide a transcript of the plea hearing to this court for review. Absent a transcript, we must presume the regularity of the proceedings. (Citations omitted.) *State v. Hundzsa*, 11th Dist. Portage No. 2008-P-0012, 2008-Ohio-4985, ¶ 18. Further, Gaines did not support his actual innocence claim with any facts that, if accepted as true, would require the withdrawal of his plea.

{¶14} Gaines additionally argued that his plea of guilty to felonious assault was the unknowing and unintelligent result of ineffective assistance due to trial counsel's alleged failure to request and review discovery prior to Gaines entering the plea. The state responded in opposition, stating that it had served defense counsel with discovery on three separate occasions.

{¶15} To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that trial counsel's performance was deficient and "'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty[.]'" *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶16} The trial court held that Gaines' ineffective assistance argument is barred by res judicata because Gaines did not directly appeal and raise the issue of ineffective assistance of counsel. Gaines, however, does not challenge this holding on appeal, and therefore it is not addressed. *See State v. Lyons*, 10th Dist. Franklin Nos. 21AP-156 & 21AP-157, 2022-Ohio-2224, ¶ 34 (discussing an appellant's failure to assign as error the trial court's determination that res judicata barred this claim as a reason the appellate

6

court should not address the determination on appeal); *see also* App.R. 12(A)(1)(b) ("a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs").

{¶17} Nevertheless, Gaines' claim fails on the merits because he did not meet his burden of demonstrating a manifest injustice due to ineffective assistance of counsel. Nowhere has Gaines asserted or argued that he would not have pleaded guilty but for trial counsel's alleged failure to request and review discovery of the felonious assault charge. We further note that, when affidavits or other evidence de hors the record are necessary to support a claim of ineffective assistance, "[t]hose claims are appropriately brought by way of a motion for post-conviction relief." *State v. Weathersbee*, 11th Dist. Trumbull No. 2018-T-0099, 2019-Ohio-5307, ¶ 29, citing *State v. Zupancic*, 9th Dist. Wayne No. 12CA0065, 2013-Ohio-3072, ¶ 4, citing *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). We therefore conclude that the trial court acted within its discretion in declining to hold a hearing before denying relief on this claim. *See Lyons* at ¶ 42.

{¶18} For the foregoing reasons, the denial of Gaines' postsentence Crim.R. 32.1 motion to withdraw his guilty plea to felonious assault was neither unreasonable, arbitrary, nor unconscionable.

7

{¶19} Gaines' sole assigned error is without merit, and the judgments of the Ashtabula County Court of Common Pleas are affirmed.


MARY JANE TRAPP, J.,

JAMES A. BROGAN, J., Retired, Second Appellate District, sitting by assignment,

concur.