[Cite as *State v. Ibekie*, 2024-Ohio-5576.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                        |   | JUDGES:                    |
|------------------------|---|----------------------------|
| STATE OF OHIO          | : | Hon. W. Scott Gwin, P.J.   |
|                        | : | Hon. John W. Wise, J.      |
| Plaintiff-Appellee     | : | Hon. Andrew J. King, J.    |
|                        | : |                            |
| -vs-                   | : |                            |
|                        | : | Case No. 24 CAC 02 0013    |
| ODINIGWE IBEKIE        | : |                            |
|                        | : |                            |
| Defendant-Appellant    | : | OPINION                    |


CHARACTER OF PROCEEDING:      Appeal from the Delaware Municipal
                              Court of  Case No. 23 TRC 08260


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       November 26, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TYLER A. SANDERS                          GEOFF SPALL
Assistant Prosecutor                      43 South Franklin Street
70 North Union Street                     Delaware, OH 43015
Delaware, OH 43015

*Gwin, P.J.*

{¶1}    In this case, Defendant-appellant Osinigwe Ibekie ["Ibekie"], after entering a negotiated guilty plea in the Delaware Municipal Court to one count of Operating a Vehicle While Under the Influence of Alcohol or Drugs ["OVI"] in violation of R.C. 4511.19(A)(1)(a), sought to withdraw her plea contending a manifest injustice because her retained trial counsel had rendered ineffective assistance of counsel. Ibekie contended that she was not driving the car. She submitted her affidavit and the affidavit of one of her two attorneys, who claimed another person admitted to him that she had been driving the car at the time of the traffic stop. After conducting a hearing on her motion, during which neither side presented evidence, the trial judge denied her post-sentence motion to withdraw her negotiated guilty plea.

{¶2}    Because we find that the trial judge did not abuse his discretion by finding Ibekie failed to demonstrate that trial counsel rendered ineffective assistance, and further failed to demonstrate a manifest miscarriage of justice warranting the withdrawal of her guilty plea, we affirm the judgment of the Delaware County Municipal Court.

*Facts and Procedural History*

{¶3}    On November 18, 2023, an Ohio State Highway Patrol trooper observed a vehicle on the right shoulder of I-71 with its hazard lights flashing. T. Jan. 23, 2024 at 5. The trooper stopped to check on the vehicle and notice two females in the car. *See, Motion to Withdraw Plea Post-Conviction*, filed Feb. 19, 2024 at *Discovery Narrative*, attached. ["*Narrative*"]. The trooper spoke with Ibekie, who was seated in the driver's seat of the vehicle. Ibekie told the trooper that she had stopped to look for directions and that they had only been stopped for about five minutes. Id. The trooper smelt a strong odor of alcohol

coming from the vehicle, and observed that Ibekie had bloodshot and glassy eyes. She admitted that her and the unidentified passenger were headed home from a party in Columbus, where she admitted to consuming alcohol. Id.

{¶4}   The trooper had Ibekie perform the Standardized Field Sobriety Tests [SFST's], where clues of impairment were observed. Ibekie agreed to take a breath alcohol test, where she had a result of .180 BAC. T. Jan. 23, 2024 at 5-6. Ibekie was charged with OVI "under the influence" in violation of R.C. 4511.19(A)(1)(a); and OVI "prohibited level," "a "high tier OVI" of seventeen-hundredths of one gram or more in violation of R.C. 4511.19(A)(1)(h).

{¶5}   On January 18, 2024, Ibekie pled guilty to OVI under R.C. 4511.19(A)(1)(a). The state dismissed the high tier OVI per se charge, and recommended minimums statutory sanctions. T. Jan. 23, 2024 at 3. Also, on January 18, 2024, Ibekie and her retained counsel executed a written "Waiver of Rights/Plea Agreement /Plea" form that explained Ibekie's rights, including her rights if she elected to proceed to trial. The box next to "Guilty" is checked. Underneath the checked box was the following,

> I admit my guilt and accept the legal consequences.
>
> I waive the rights listed above.
>
> The Court may find me guilty and sentence me today.
>
> I will complete the rest of this form.

{¶6}   Next to the words, "Right to Attorney," Ibekie checked the box, "I talked with my attorney about my rights (see below) prior to the hearing. Ibekie acknowledged that she understood the charge(s) and maximum potential penalties and that she read,

understood, and waived her rights. Ibekie entered a written plea of "guilty" to the charge of OVI. Id.

{¶7} In open court, and accompanied by her retained attorney, Ibekie told the judge that she understood the terms of the plea agreement. T. Jan. 23, 2024 at 4. Ibekie told the judge that she was not under the influence of anything that would affect her thinking, and that she was a U.S. citizen. Id. Ibekie further told the judge that she did not have any questions about the written plea form, the charges, and the penalties. Id. at 4-5. Her attorney told the judge that Ibekie attends the Northeast Ohio Medical College and is in the graduate program, and further she is seeking early admission to the medical school. Id. at 6. The trial judge accepted Ibekie's guilty plea, found her guilty and imposed sentence.

{¶8} On February 19, 2024, two new private attorneys filed a Notice of Appeal on Ibekie's behalf. Also, on that date, retained counsels filed a Motion to Withdraw Plea Post-Conviction. Because an appeal had been filed, the trial court was without jurisdiction to rule on the post-sentence motion to withdraw her guilty plea. On May 3, 2024, Ibekie, through counsel, filed a "Suggestion of Remand" in the above-caption appeal, asking this Court to remand the case so the trial judge could rule on her motion. This Court remanded the case by Judgement Entry filed May 9, 2024.

{¶9} The trial judge conducted a hearing on Ibekie's motion on June 3, 2024. Neither Ibekie nor the state presented witnesses. Ibekie instead chose to rely upon the two affidavits attached to her motion. T. June 3, 2024 at 11. Ibekie contended that she was not driving the car. She submitted her affidavit and the affidavit of one of her two

attorneys, who claimed another person admitted to him that she had been driving the car at the time of the traffic stop.

{¶10} On June 7, 2024, the trial judge issued a six-page judgment entry denying Ibekie's request to withdraw her post-sentence motion to withdraw her negotiated guilty plea finding that Ibekie failed to demonstrate that trial counsel rendered ineffective assistance, and further failed to demonstrate a manifest miscarriage of justice warranting the withdrawal of her guilty plea. *Judgement Entry Denying the Defendant's Request to Withdraw her Guilty Plea,* filed June 7, 2024. [Docket Entry Number 37]. ["*Judgement Entry*"]

*Assignments of Error*

{¶11} Ibekie raises two Assignments of Error,

{¶12} "I. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HER RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶13} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION TO WITHDRAW HER PLEA UNDER CRIM.R. 32.1."

II.

{¶14} For ease of discussion, we shall address Ibekie's Assignments of Error out of sequence.

{¶15} In her Second Assignment of Error, Ibekie contends that the trial judge abused his discretion by overruling her post-sentence motion to withdraw her negotiated plea, after a hearing.

**Standard of Review**

{¶16} Crim.R. 32.1 provides that a trial court may grant a defendant's post sentence motion to withdraw a guilty plea only to correct a manifest injustice. Therefore, "[a] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261(1977), paragraph one of the syllabus. *Accord, State v. Ahmed*, 2018-Ohio-181, ¶15 (5th Dist.). "A 'manifest injustice' is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner,* 83 Ohio St.3d 203, 208 (1998), and relates to a fundamental flaw in the plea proceedings resulting in a miscarriage of justice, *State v. Tekulve*, 2010-Ohio-3604, ¶ 7 (1st Dist.), *citing Kreiner* at 208 and *Smith* at 264. The term "has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *Smith* at 264.

{¶17} Although Crim.R. 32.1 does not provide a time limit for moving to withdraw after a sentence is imposed, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at 264, *citing Oksanen v. United States,* 362 F.2d 74, 79 (8th Cir. 1966). And generally, res judicata bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal. *See, State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59.

{¶18} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at

paragraph two of the syllabus. Thus, we review a trial court's denial of a motion to withdraw a guilty plea under an abuse-of-discretion standard. *Smith* at paragraph two of the syllabus; *State v. Francis*, 2004-Ohio-6894, ¶ 32; *State v. Straley*, 2019-Ohio-5206, ¶15. For a court of appeals to reach an abuse-of-discretion determination, the trial court's judgment must be so profoundly and wholly violative of fact and reason that "'it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.'" *State v. Weaver*, 2022-Ohio-4371, ¶24 *quoting Spalding v. Spalding*, 355 Mich. 382(1959) at 384-385, *rejected in part by Maldonado v. Ford Motor Co., 476 Mich. 372, 388, (2006)* ("we prefer the articulation of the abuse of discretion standard in [*People v. Babcock*, 469 Mich. 247, (2003)]").

{¶19} This Court has recognized that an abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 2014-Ohio-477, ¶35 (9th Dist.); *In re Guardianship of S.H.*, 2013-Ohio-4380, ¶ 9 (9th Dist.); *State v. Firouzmandi*, 2006-Ohio-5823, ¶54 (5th Dist.).

**Issue for Appellate Review**: *Whether the trial judge abused his discretion by overruling Ibekie's post sentence motion to withdraw her negotiated guilty plea after a hearing*

**Ibekie's Guilty Plea**

{¶20} A defendant has "the ultimate authority" to determine "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes*,

463 U.S. 745, 751(1983); *Wainwright v. Sykes*, 433 U.S. 72, 93, n. 1 (1977) (Burger, C. J., concurring). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570 (1989).

{¶21} A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 2005-Ohio-1938, ¶25; *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *see also, North Carolina v. Butler*, 441 U.S. 369, 374-375 (1979) (Reviewing a suspect's waiver of *Miranda* rights). Ibekie and her retained attorney signed such a written waiver in this case.

{¶22} Pursuant to Crim.R. 2, Ibekie's offense is considered a "petty offense." A "petty offense," is "a misdemeanor other than a serious offense," punishable by incarceration of up to 180 days. Crim.R. 2(D). For this reason, Crim.R. 11(D) is not applicable to plea requirements in the case at bar. "Petty offenses" are governed by Crim.R. 11(E). Thus, prior to accepting a plea of guilty or no contest to a petty offense, the trial court shall "first [inform] the defendant…of the effect of the pleas of guilty, no contest, and not guilty" in addition to informing unrepresented defendants of their right to counsel under Crim.R. 44(B) and (C). Crim.R. 2(D).

{¶23} "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *State v. Jones*, 2007-Ohio-6093, ¶ 20. Unlike the provisions of Crim.R. 11, which govern the acceptance of felony pleas, or pleas to misdemeanors that are "serious offenses," Crim.R. 11(E) does not require the court to determine whether a defendant is entering into

the plea voluntarily. Crim.R. 11(D), which does require such an inquiry, pertains only to offenses punishable by incarceration for more than six months and clearly does not apply to this case.

{¶24}   To satisfy the requirement of informing a defendant of the effect of a plea of guilty, a trial court must inform the defendant, "The plea of guilty is a complete admission of the defendant's guilt." In the case at bar, this was done in both the written plea form and on the record before acceptance of Ibekie's plea of guilty. Ibekie does not argue that the trial judge failed to comply with Crim R. 11 (B) or (E)'s requirements before accepting her negotiated guilty plea.

{¶25}   Ibekie contends that a manifest miscarriage of justice warrants the withdrawal of her plea, and the trial judge abused his discretion by not so finding.

### Manifest Injustice

{¶26}   Ibekie claims that she was not driving the car at the time of the traffic stop. She claims that the other woman in the car, who is not identified in the trooper's report, was actually driving. She contends they switched seats moments before the trooper arrived. One of her retained attorney's also submitted an affidavit claiming that he spoke with the woman, who resides in the State of Florida, by telephone and she told him she had been driving the car. Ibekie claims that she was unaware that a person had to operate the vehicle in order to be guilty of OVI.

{¶27}   Ibekie's subsequent belief that there was a potential challenge to the state's evidence does not render her plea invalid. *See, e.g., State v. Piacella*, 27 Ohio St.2d 92, 94 (1971), *quoting Brady v. United States*, 397 U.S. 742, 757 (1970) (A plea is not invalidated by a defendant's failure to "correctly assess every relevant factor" or "because

he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case[.]"). *State v. Graham*, 2024-Ohio-1300, ¶27(6th Dist.); *State v. McKnelly*, 2024-Ohio-2696, ¶ 39(5th Dist.).

*Affidavits*

{¶28} Although the court must accord due deference to a supporting affidavit when deciding a Crim.R. 32.1 motion, the court has discretion to judge the credibility of the affidavit prior to conducting an evidentiary hearing on the motion. *State v. West*, 2017-Ohio-5596, ¶ 38 (1st Dist.); *accord State v. Watters*, 2017-Ohio-5640, ¶ 14 (11th Dist.) ("[A] trial court is permitted to assess the credibility of an affidavit before determining whether to grant a motion to withdraw." (Emphasis and citation omitted.)). "In assessing an affidavit's credibility, and thus determining the need for a hearing, the court must consider all relevant factors, including

> (1) whether the judge reviewing the motion also presided at the plea hearing, (2) whether multiple affidavits contain nearly identical language or otherwise appear to have been drafted by the same person, (3) whether the affidavit contains or relies on hearsay, (4) whether the affiant is related to the defendant or otherwise interested in the success of his efforts, (5) whether the affidavit contradicts defense evidence, (6) whether the affidavit is contradicted by any other sworn statement of the affiant, and (7) whether the affidavit is internally inconsistent.

*West* at ¶ 38 (Citation omitted); *accord Watters* at ¶ 15 (adopting for purposes of a Crim.R. 32.1 motion the factors set forth in *State v. Calhoun*, 86 Ohio St.3d 279(1999) for assessing affidavits submitted in support of a postconviction petition).

{¶29} In the case at bar, the affidavits served their purpose. The trial judge reviewed them and held a hearing on the motion. Ibekie cites to no authority to support the proposition that an affidavit can be substituted for in-court testimony during the hearing on the motion to withdraw her guilty plea in order to sustain her burden to prove a manifest injustice occurred warranting the extraordinary step of allowing her to withdraw her negotiated guilty plea. No testimony was presented during the evidentiary hearing on the motion. The trial judge reviewed the audio/video recording of the change of plea hearing. *Judgment Entry* at 4-5. Therefore, the judge would have been within his discretion to overrule the motion on the grounds that Ibekie failed in her burden to establish a manifest injustice occurred that mandates her plea be withdrawn. In any event, the judge reviewed the affidavits and concluded that they lacked any evidentiary value.

{¶30} The trial judge found that Ibekie's affidavit fails to offer any statement that she told her attorney: that she was not operating the car; or that the women had switched seats before the trooper arrived; or that her attorney misled her to believe that simply sitting in the driver's seat of the vehicle was sufficient to be found guilty of OVI. *Judgment Entry* at 5. The trial judge found Ibekie's affidavit to be "incredible, self-serving, and unlikely the words of a lay person." The judge further noted, that "Importantly, [Ibekie] never states that she told [her trial attorney] about any facts upon which operation issues would turn." Id.

{¶31} The trial judge found counsel's affidavit to contain "hearsay from an uncorroborated source." He found it not to be credible and gave it little weight. *Judgment Entry* at 5.

{¶32} We find that in assessing the credibility based on the above-mentioned factors, the trial judge did not abuse his discretion in dismissing the credibility of these

affidavits. The judge reviewed the plea hearing and thus was familiar with what occurred during the proceedings. He was able to observe Ibekie and her attorney. He therefore, had some basis to determine Ibekie's credibility. The affidavits are based upon out of court statements from Ibekie and the woman claiming to have been driving[1]. That woman resides beyond the jurisdiction of the Ohio court system. Her statements are relayed through one of Ibekie's attorneys. The woman herself has never been placed under oath, or subjected to cross-examination.

{¶33} Ibekie does not say that her trial attorney told her to plead guilty. She does not say he told her one does not have to operate a motor vehicle to be guilty of OVI, or that simply sitting in the driver seat is sufficient evidence of guilt. She does not say that she ever told her trial attorney that she was not driving the car, or that she had switched seats with the driver. She did not take an oath and subject herself to cross-examination at the hearing held on her motion to withdraw her guilty plea.

{¶34} There is nothing in the record to corroborate Ibekie's claims. It has been held that a record reflecting compliance with Crim.R. 11 has greater probative value than contradictory affidavits. *See State v. Kapper*, 5 Ohio St.3d 36, 38(1983); *State v. Calhoun*, 86 Ohio St.3d 289-290.

{¶35} We conclude that the trial judge properly gave due deference to the affidavits filed in support of the motion to withdraw Ibekie's guilty plea, and in the sound exercise of discretion, properly weighed their credibility.

---

[1] Ms. Tagoe's statements would not qualify as an admission against interest under Evid.R. 804(B)(3) because driving a car is not, in and of itself, a criminal offense, and, additionally, there are no corroborating circumstances clearly indicating the trustworthiness of the statements.

{¶36} Accordingly, under the circumstances of the case sub judice, we are unpersuaded the trial judge abused his discretion in declining to find a manifest injustice warranting the extraordinary step of withdrawing Ibekie's guilty plea. We therefore overrule Ibekie's Second Assignment of Error.

I.

{¶37} In her First Assignment of Error, Ibekie argues that her trial attorney rendered ineffective assistance of counsel because he did not properly advise her of the definition of "operation" of a motor vehicle as it pertains to an OVI offense. [Appellant's brief at 5].

**Standard of Appellate Review**

{¶38} Defendants have a constitutional right to effective assistance of counsel during plea negotiations. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The two-prong ineffective assistance of counsel analysis that the Supreme Court announced in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to claims that counsel's performance was constitutionally deficient during plea negotiations. *Hill*, 474 U.S. at 58. A defendant who claims that she was denied effective assistance of counsel with regard to whether or not to plead guilty must prove that (1) counsel rendered constitutionally deficient performance, and (2) there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty. *Magana v. Hofbauer*, 263 F.3d 542, 547-48 (6th Cir. 2001) (*citing Turner v. Tennessee*, 858 F.2d 1201, 1206 (6th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. *See, Missouri v. Frye*, 566 U.S. 134(2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012).

{¶39} We agree with the trial judge that nothing in the record raises an operation issue to alert an attorney that operation of the vehicle was a viable defense. Ibekie was seated in the driver's seat. Ibekie never told the trooper that she changed seats with the person who had been driving the car, or that she never drove the car prior to the stop. As we noted in our disposition of Ibekie's Second Assignment of Error, Ibekie does not say that her trial attorney told her to plead guilty. She does not say her attorney told her one does not have to operate a motor vehicle to be guilty of OVI, or that simply sitting in the driver seat is sufficient evidence of guilt. Counsel's affidavit is based upon uncorroborated hearsay by an individual beyond the jurisdiction of the Ohio courts who has never been placed under oath or subjected to cross-examination.

{¶40} We further note that Ibekie's trial counsel successfully negotiated a dismissal by the state of the high OVI charge, and a recommendation from the state for the minimum statutory sanctions. T. Jan. 23, 2024 at 3.

{¶41} Accordingly, we find that the record contains no credible evidence to prove that Ibekie's trial attorney was constitutionally ineffective in his representation of Ibekie during the plea process.

{¶42} Ibekie's First Assignment of Error is overruled.

{¶43} The judgment of the Delaware County Municipal Court is affirmed.


By Gwin, P.J.,

Wise, J., and

King, J., concur